WALTER BAREFIELD v. STATE.

No. A-4354.   Opinion Filed Jan. 28, 1924.

(222 Pac. 274.)

(Syllabus.)

**Intoxicating Liquors—Evidence Sustaining Conviction for Unlawful Sale.** In a prosecution for selling intoxicating liquor, evidence reviewed, and held sufficient to sustain the conviction.

Appeal from County Court, Stephens County; G. T. Burrows, Judge.

Walter Barefield was convicted of a violation of the prohibitory liquor law, and he appeals. Affirmed.

Wilkinson & Saye, for plaintiff in error.

George F. Short, Atty. Gen., and G. B. Fulton and N. W. Gore, Asst. Attys. Gen., for the State.

DOYLE, J.   Appellant, Walter Barefield, was convicted upon an information charging that he did sell one pint of whisky to R. T. Brown, for the sum of $5. The jury failed to agree upon the punishment. The judgment of the court was that appellant be confined in the county jail for 30 days and pay a fine of $100. He has appealed from the judgment rendered upon such conviction.

The only question presented is the sufficiency of the evidence to sustain the conviction.

R. T. Brown testified:

"I bought a pint of whisky on the 16th day of December, 1921, from Walter Barefield, paid $5 for it, and turned it over to I. B. Gossett, chief of police. He was in Dick Hedrick's service car across the street from the police station when he sold me the whisky. He said he was working out a fine for selling whisky, on the county road at the time. It was between 8 and 9 o'clock at night."

I. B. Gossett, chief of police, testified:

"Between 8 and 9 o'clock at night on the day alleged, I saw R. T. Brown in company with Walter Barefield, across the street from the police station. Shortly afterwards, Brown brought me a bottle of whisky which I marked."

As a witness in his own behalf, appellant testified:

"I did not sell this pint of whisky to R. T. Brown. I was upstairs in jail on the 16th day of December. On the 8th day of December I pleaded guilty to unlawful possession of whisky, and on the 8th, 9th, and 10th I went out and worked on the road. On the 11th I was put in jail and was not out until December 31st, except about 15 minutes one day about Christmas."

John C. Davis, undersheriff, testified that he kept the records of the sheriff's office; that the jail calendar shows that Walter Barefield was committed on the 10th and released on the 31st day of December, and the feed bill shows the same. Both records were offered in evidence.

In rebuttal, B. C. Young, constable in the city of Duncan, testified:

"I have known Barefield six or seven years. I saw him in the early part of the night of December 16th, across from the police station on Main street. I saw R. T. Brown later with a pint of whisky."

E. H. Rhyne, sheriff, testified:

"About the time it is charged that Barefield sold R. T. Brown a pint of whisky, Barefield was on the road a day or two. After I learned that he was charged with having sold this whisky, I ordered that he be put back in jail."

It is the province of the jury in a criminal case to try the issue joined by a plea of not guilty, and if the evidence of the state uncontradicted will support a conviction, this court will not ordinarily interfere with the verdict against the defendant.

Considering the case from every viewpoint, it appears that defendant was convicted upon substantial evidence, and the record discloses no prejudicial error.

The judgment is, accordingly, affirmed.

MATSON, P. J., and BESSEY, J., concur.